JOHN WALLACE *v.* THE STATE.

1. GAMING.— INDICTMENT for "permitting a certain game of cards to be played," etc., which fails to describe the house in which the game was permitted to be played as one of those inhibited by the statute, is not sufficient to charge an offense. That the house was "known as the saloon of Wallace" will not suffice.

2. SAME.— The indictment alleges that the game played was *monte,* which is one of those specially inhibited by article 360 of the Penal Code, but there is no allegation that the same was kept or exhibited for the purpose of gaming, and unless so kept and exhibited for the purpose of gaming it was no violation of law to permit the game to be played in one's house unless the house is such an one as is named in article 355, Penal Code.

3. INTERPRETATION OF THE CODE.— Article 365 of the Penal Code (which punishes the allowance of prohibited games in one's house) must be construed in connection with the preceding articles 355, 358 and 360.

APPEAL from the County Court of Wilson.    Tried below before the Hon. A. H. ABNEY, County Judge.

The opinion discloses the case.

*A. J. Williams,* for the appellant.

*H. M. Holmes,* for the State.

WILLSON, J.    The indictment charges that the defendant "did permit a certain game, to wit, the game of monte, to be played in a certain house in the town of

Floresville, in said county, to wit, in a house known as the saloon of said Wallace, which house was then and there the house of said John Wallace, and then and there under the control of said John Wallace." This is the entire charging portion of the indictment. We do not think it charges any offense against the penal law of this State.

We do not understand it to be an offense for a person to permit a game with cards to be played in his house unless it be one of the houses named in art. 355 of the Penal Code. The indictment describes the house as one "known as the saloon of said Wallace," but does not allege that it was a house for retailing spirituous liquors, store-house, tavern, inn, or other public house, etc. It may have been "known as Wallace's saloon" and yet, in fact, it may have been his private residence at the time the game was played. It is alleged that the game played was *monte*, which is one of the games specifically inhibited by art. 360 of the Penal Code; but there is no allegation that the same was kept or exhibited for the purpose of gaming, and unless so kept or exhibited it would not be a violation of the law to permit the game to be played in one's house, unless the house is such an one as is named in art. 355, Penal Code.

We must construe art. 365, Penal Code, the one upon which this prosecution is based, in connection with articles 355, 358 and 360 of the same chapter, and when we do this we find that, in order to constitute the offense attempted to be charged against the defendant, it must appear: 1. That the gaming took place in one of the houses named in art. 355. 2. Or that, it being a banking game specifically named in the statute, it was kept or exhibited for the purpose of gaming; in which case the character of the house would not be material. 3. That the defendant did permit such prohibited game to be played in his house, or in a house under his control.

The indictment in this case failing to show such facts as amount to a violation of law, it is bad, and the judgment is therefore reversed and the cause dismissed.

*Reversed and dismissed.*